## STATE v. WEAVER.

1. JUROR—POLL TAX.—BURDEN OF PROOF of disqualification of juror is on party challenging. No satisfactory proof here that juror had not paid poll tax.
2. IBID.—IBID.—Is non-payment of poll tax disqualification for jury duty?
3. IBID.—WAIVER.—A party objecting to juror for cause, and then consenting to have him drawn as of a new panel without prejudice to his objection for cause, thereby waives his right to appeal from rulings as to objections for cause.
4. IBID.—EXCEPTIONS as to refusal to receive the book of registration as evidence of non-registration of juror, were taken under misapprehension of Judge's ruling.

Before WATTS, J., Edgefield. Affirmed.

Indictment for house breaking and larceny against Ed Weaver, Abner Harris and Allen Jones. From judgment and sentence on verdict, defendants appeal on following exceptions:

"I. Excepts because the presiding Judge erred in ruling: 'That any man under sixty-five and over twenty-one who has a registration certificate is a qualified and competent juror, and it does not make any difference whether he has paid his poll tax or not.'

"II. That his Honor erred in ruling that 'if he has got his registration certificate, that is *prima facie* and satisfactory evidence to me that he is entitled to it; even if you could show that he procured it prior to the adoption of the Constitution of 1895, I would still hold that he was a qualified elector and a competent juror.'

"III. That his Honor, the presiding Judge, erred in ruling: 'I will give you a chance to get a direct ruling from the Supreme Court. I rule any man that is twenty-one and under sixty-five, of good moral character, and selected by the board of commissioners to serve as a juror, is a qualified elector; and qualified in such sense, he can be a juryman whether

he has paid his poll tax and has a registration certificate or not, or whether his name is on the tax books at all.'

"IV. That his Honor erred in refusing to allow defendants' counsel to introduce evidence (that is, the registration book, to show that the registration certificate of juror was issued prior to the adoption of the Constitution of 1895), to show the disqualification of the juror, at the time that the juror was sworn on his *voir dire.*"

*Messrs. M. P. Wells* and *S. M. Smith,* for appellants.

*Assistant Attorney General U. X. Gunter,* contra.

June 30, 1900. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. These defendants were indicted for and convicted of "housebreaking and larceny," and from the judgment entered, they appeal to this Court, upon the several exceptions set out in the record, which should be incorporated by the reporter in his report of the case.

The first, second and third exceptions impute error to the Circuit Judge in certain rulings made by him as to the qualification of certain jurors presented to the prisoners, while the jury was being empanelled; while the fourth exception imputes error in ruling out certain testimony which, as we shall hereafter see, was taken under a misconception of the ruling already made by the Circuit Judge. We would first remark that it seems to us that all these exceptions, except the fourth, which will be presently considered, raise speculative rather than practical questions. It does not appear that a single one of the jurors who sat upon the trial, was objected to either peremptorily or for cause. On the contrary, it does appear that the defendants were tried by a jury of twelve good and lawful men, to whom no objection was interposed by the defendants, or either of them.

The rulings excepted to were made by the Circuit Judge in reference to challenges for cause to certain of the jurors when presented, based upon the allegation that such jurors had not paid their poll taxes, and were, therefore, disqual-

ified from serving as jurors. When, however, this cause of challenge was investigated, as well by the examination of the persons presented as jurors on their *voir dire* as by the testimony of the county treasurer, it was made to appear satisfactorily that all of them, except one, R. G. Parks, had paid their poll taxes; and even as to Parks, it was left somewhat doubtful whether he had or had not paid his poll tax. For while the county treasurer, *speaking from his books,* did say that Parks had not paid his poll tax, yet that officer admitted that his books were not absolutely correct, and mentioned instances in which his books showed that the taxes of certain persons named had not been paid, yet he had become satisfied from other sources, that such taxes had, in fact, been paid; in one instance, a receipt for taxes having been produced, when it appeared from the books that such taxes had not been paid. Now, when it is remembered that a board of jury commissioners—public officers—are charged with the duty of placing upon the jury list, consisting of such persons as are "not absolutely exempt, as they may think well qualified to serve as jurors, being persons of good moral character, of sound judgment, and free from all legal exceptions," the presumption is, in the absence of evidence to the contrary, that these public officers have done their duty; and hence when a juror whose name is on the jury list is challenged for cause, upon the ground that he is not legally qualified to serve as a juror, the burden of proof is upon him who charges that such juror is disqualified to show such disqualification. It does not seem to us that it has been satisfactorily shown that the juror, Parks, had not paid his poll tax. On the contrary, on his examination upon his *voir dire,* when he was asked if he had paid his poll tax, replied, very candidly: "I could not state positively," but went on to say that he had arranged with his father to pay it for him, and as he had never asked him for the receipt, he, of course, could not testify of his own knowledge, whether the tax was actually paid or not; but it is manifest that he intended to pay it, and, no doubt, supposed it had been paid;

and, as we have said, the testimony of the county treasurer did not satisfactorily show that the tax had not been paid. We do not think there was any error in overruling the challenge for cause to the juror, Parks, and requiring him to be presented; for even though the Circuit Judge may have been in error in the reason he assigned for overruling the challenge for cause, still, if the ruling was right, there is no reversible error; for, as has been frequently held, this Court does not concern itself with the reasons given for rendering a judgment or making a ruling, but confines itself to the inquiry whether such judgment or ruling is right, and will affirm the same, even though the reasons given for such judgment or ruling may not be such as command the approval of this Court.

The appellants complain that they were thereby compelled to exhaust one of their peremptory challenges; but in view of the well settled doctrine that the right of peremptory challenge is not a right to *select* the jury, but only a right to *reject* a certain number of jurors—*State* v. *Wise,* 7 Rich., 412; *State* v. *Gill,* 14 S. C., 411; *State* v. *Prater,* 26 S. C., 202; and in view of the further fact, that, so far as appears from the record before us, there was not a single person on the jury which tried the case, to whom any objection was interposed, we do not see that the appellants have any legal ground of complaint. For it appears from the record before us, that, after the appellants had exhausted their peremptory challenges, and the clerk had reported that the panel of jurors present was exhausted, the Court directed the clerk to issue a venire for twelve jurors; whereupon one of the counsel for appellants made the following statement: "In order not to detain the Court, we consent to recall a number of the jurors we have objected to, and to whom we objected upon no other grounds except our intention to exhaust the panel. Of course, our objections for cause, we don't include in this proposition; we consent to this without, of course, waiving any of our rights. These men will be technically considered as new men drawn as a

new panel." To which the Court responded as follows: "That will do, then, with the understanding that it is done without prejudice to the rights of the defendants." This voluntary action on the part of appellants practically amounted to a withdrawal of their peremptory challenges to such of the jurors as had been previously challenged—*not* because of any objection to them, but solely for the purpose of exhausting the panel, (?) doubtless meaning their peremptory challenges; and, therefore, it cannot be properly said that the defendants had, in fact, exhausted their peremptory challenges. If so, then, under the case of *State* v. *McQuaige,* 5 S. C., 429; *State* v. *Price,* 10 Rich., 356, and *State* v. *Dodson,* 16 S. C., 460, appellants could not avail themselves of any error in overruling their challenges for cause.

It only remains, to consider the fourth exception, which complains of error in refusing to allow defendants' counsel to introduce in evidence the registration book. This exception, as we have intimated above, was taken under a misconception of the ruling of the Circuit Judge; for he did not refuse to allow the book to be offered in evidence. Defendants' counsel proposed to offer the book in evidence during the progress of the examination of the jurors upon their *voir dire,* and his ruling was that the book could not be introduced then, but the Judge expressly stated that the book might be offered in evidence "later on;" but the book was never afterwards offered in evidence. The fact, as stated by counsel, that they were deterred from afterwards offering it in evidence by reason of certain views expressed by the Circuit Judge, cannot affect the question. If they desired a specific ruling as to the admissibility of the book as evidence, they should have offered it at the time indicated by the Judge, and then had a distinct ruling as to its admissibility; but this they did not do. However, under the views hereinbefore announced, the question whether this exception is well founded becomes immaterial, and renders any further discussion useless.

The judgment of this Court is, that the judgment of the Circuit Court is affirmed.