## ZIMMERMAN v. CARR.

[No. 8,637.   Filed June 18, 1915.]

1. LANDLORD AND TENANT.—*Action for Rent.—Right to Trial by Jury.—Impaneling Jury.*—Under Art. 1, §20, of the Constitution providing that the right to trial by jury in civil causes shall remain inviolate, the defendant in an action for rent due under a lease was entitled to have his cause tried by competent and impartial jurors, and to that end to have invoked the rules of law applicable to the selection and impaneling of juries, in the absence of anything amounting to a waiver of such right.   p. 247.

2. JURY.—*Selecting and Impaneling Jury.—Presumptions.*—After verdict, it will be presumed that the jurors were selected in the light of the provision of law that affords a trial by qualified jurors, and the party alleging disqualification has the burden to establish same.   p. 247.

3. JURY.—*Qualifications of Jurors.*—A juror is not qualified to sit in the trial of a cause if his eyesight is so defective that he can not see the expression on the faces of the witnesses and observe their deportment and demeanor while testifying, or if his hearing is so defective that he can not fully understand the proceedings, or if he is otherwise physically unfit to discharge the duties he is called upon to perform.   p. 247.

4.  NEW TRIAL.—*Grounds.*—*Disqualification of Jurors.*—*Affidavit.*—*Sufficiency.*—An affidavit in support of a motion for new trial on the ground that a juror was disqualified because of deafness, which set forth facts merely showing that the juror did not hear all the testimony of the witnesses, but which did not affirmatively disclose that such failure was due to the deafness of the juror, was insufficient.  p. 248.

From Porter Superior Court; *Harry B. Tuthill*, Judge.

Action by Drucilla Carr against Abraham Zimmerman. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*McAleer Bros. & McGirr*, for appellant.

*D. E. Kelley* and *F. B. Fabing*, for appellee.

MORAN, J.—Judgment was rendered in the court below on the verdict of a jury in the sum of $1,350 against appellant in favor of appellee, for rent found to be due appellee under a written lease on lot 2, block 6 in the town of Miller, Lake County, Indiana. And from this judgment an appeal has been taken.

The question presented for review arises under the error assigned in overruling appellant's motion for a new trial, viz., that one of the jurors, who was a member of the panel that returned the verdict upon which judgment was rendered, was incompetent to sit as a juror in the trial of the cause. The incompetency was not discovered, it is alleged, until after the trial of the cause, when the trial court's attention was directed thereto by an affidavit, which was filed with and made a part of the cause asking for a new trial by reason thereof.

The affidavit, omitting the caption and signature of affiant, is as follows: "William J. McAleer, being first duly sworn, upon his oath, deposes and says, that on the 24th day of February, 1913, while examining the jury that was duly sworn to answer questions testing their competency to act as jurors in the cause of O'Shea v. C. S. and B. I. Railway Co., in the Porter Circuit Court, he discovered that one

Jake Fisher was somewhat deaf, and did not hear the questions propounded to him by appellant, and while said Jake Fisher was answering questions on his *voir dire* to his competency to act as a juror, this affiant asked said Jake Fisher whether or not he sat on the jury in the previous case, to which he replied that he did sit on said jury in said cause. Whereupon this affiant asked if he heard all that the witnesses said in the previous case, to which the said Jake Fisher replied that he did not hear all the witnesses said in the previous case. Affiant further swears that the previous case tried in said court, and upon which said juror sat and acted as a juror, was the cause of Drucilla Carr v. Abraham Zimmerman, No. 9110."

In entering upon an examination of the questions here involved two general propositions must be kept in mind, first, in a civil cause such as is under consideration,

1. the right of trial by jury remains inviolate (Art. 1, §20, Constitution), and appellant was entitled to have his cause tried by fair, competent, and impartial triers, and in the selection and impaneling, he was entitled to have invoked the rules of law intended to safeguard and assure him a fair trial, unless in some manner the same were waived; second, after verdict, it will be presumed

2. that the jurors were selected in the light of the provision of law that affords a trial by qualified jurors, and the burden of establishing disqualification is upon the party alleging the existence of the same. 24 Cyc. 196; *State* v. *Weaver* (1900), 58 S. C. 106, 36 S. E. 499.

A juror is not qualified to sit in the trial of a cause if he is physically unfit to properly discharge the duties he is called upon to perform. It has been held that,

3. "A person is not qualified to sit on a jury, who is physically unfit to properly discharge the duties of a juror, that where his eyesight is so defective that he cannot see the expression on the faces of the witnesses and observe their deportment and demeanor while testifying,

or where his hearing is so defective that he cannot fully understand the proceedings." 24 Cyc. 196; *Rhodes* v. *State* (1891), 128 Ind. 189, 27 N. E. 866, 25 Am. St. 429. In *Lafayette Plankroad Co.* v. *New Albany, etc., R. Co.* (1859), 13 Ind. 90, 74 Am. Dec. 246, it was held that a juror was not competent, who could neither read nor write the English language, nor understand it when spoken to him, upon subjects other than such as related to his particular business, and then but imperfectly. In *Rhodes* v. *State, supra,* the defendant through his counsel thoroughly examined the jurors as to their qualifications, nevertheless, it was not discovered until after the trial that the eyesight of one of the jurors was so impaired, that he did not see the expression of the witnesses, who testified, nor observe their deportment or demeanor upon the witness stand, and in this connection, the court said: "We think the juror was not competent to sit even in cases where the testimony consists entirely of the statements of the witnesses. Again and again have verdicts been allowed to stand because of the effect declared to be exerted by the demeanor and deportment of the witnesses, and surely no one, who can not see the expression of faces, nor observe deportment and demeanor, can justly weigh testimony."

For cogent reasons this same rule would apply to the infirmity of deafness. Does the state of the record bring the cause at bar within the rule thus announced?

4. It will be noticed, that the affidavit, which is the foundation of the cause for a new trial, states that the juror did not hear all that was said, during the introduction of the evidence, but it does not disclose affirmatively that this was by reason of his infirmity. Many things might have prevented him from hearing all of the evidence; the tone of voice of a witness might have been such as to interfere with the juror hearing testimony, and there may have been confusion in the courtroom during the progress of the trial that may have interfered with the hearing of

the juror from aught that the affidavit discloses. Should it be conceded that the question was properly raised in all other particulars, the affidavit is not sufficient to show that the physical infirmity of the juror in this behalf was such as to render him incompetent as a juror.

As to whether the question sought to be presented was waived by a failure to show that the juror was duly examined as to his qualifications before entering upon the trial, or that harm must have resulted to appellant, we express no opinion. The state of the record is such as not to call for an opinion upon either of these propositions. For a full collection of the authorities upon this subject, see note to *State* v. *Harris* (1911), 50 L. R. A. (N. S.) 973.

No error was committed by the trial court in overruling the motion for a new trial. Judgment affirmed.

NOTE.—Reported in 109 N. E. 218. As to ability to read and write English as necessary qualification of juror, see 35 Am. Rep. 728. As to the disqualification of a juror as grounds for new trial, see 1 Ann. Cas. 196; 12 Ann. Cas. 922. See, also, under (1) 24 Cyc. 101; (2, 3) 24 Cyc. 196; (4) 29 Cyc. 980.